UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF TEXAS

CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § § | |
| v. | § § | CRIMINAL NO. 2:23-CR-357 (1) |
| RENE SALDANA | § | |

STIPULATION OF FACT

RENE SALDANA, hereinafter referred to as the Defendant, has agreed to stipulate with

the United States Attorney for the Southern District of Texas, Alamdar S. Hamdani, through the

undersigned Assistant United States Attorney, to the following facts and expected testimony

concerning the violation of Title 18, United States Code, Sections 933(a)(1), (a)(3), and (b) alleged

in Count One of the above-numbered Indictment. The parties agree that these facts are sufficient

to establish a factual basis for the Defendant's plea, pursuant to Fed. R. Crim. P. 11(b)(3).

I.

As to Count One, the Defendant confesses that, between May 12, 2023 and on or about

June 12, 2023:

1. That the Defendant and at least one other person agreed to commit the crime of trafficking in firearms;
2. That the Defendant knew the unlawful purpose of the agreement and joined in it willfully, that is, with the intent to further the unlawful purpose; and
3. That at least one of the conspirators during the existence of the conspiracy knowingly committed some act in furtherance of the conspiracy.

II.

1

The Defendant further stipulates that:

1. On May 12, 2023, the Defendant began discussions with a 3rd party via SnapChat about making machinegun conversion devices and selling them to the other party. In these conversations, Defendant disclosed that he makes "switches" and "links," which referred to Glock switches and lightning links, both of which are machinegun conversion devices.

2. The Defendant proceeded to make three Glock switches and three lightning links in order to sell those six machinegun conversion devices to the other party in exchange for $1000. Defendant planned to deliver the six machinegun conversion devices to the other person on June 10, 2023, in Corpus Christi, Texas. Defendant knew that the other party resided in California, and would be travelling in interstate commerce to arrive in Corpus Christi for the purchase.

3. On the morning of June 10, 2023, the Defendant told the other party the Defendant would not be delivering the devices in person, but that his associate, Kyler WALLGREN, would deliver the devices.

4. On June 10, 2023, the Defendant and Wallgren were observed travelling together on motorcycles to the area of the arranged meeting. Approximately one-half mile before arriving at the meeting location, the Defendant turned around on the roadway and Wallgren continued to the meeting location alone. Wallgren then met the other party and proceeded to deliver the six machinegun conversion devices to the other party in exchange for the $1000. Wallgren told the other party that the Defendant manufactured the machinegun conversion devices and that Wallgren and the Defendant tested the

devices to make sure they worked as intended, using Wallgren's firearm to do so.

5.  The Defendant continued conversing with the other party via SnapChat during and after the meeting, and confirmed the delivery of the machinegun conversion devices. Based on this conversation, the Defendant believed the machinegun conversion devices had travelled with the other party back to California.

6.  The six machinegun conversion devices were recovered by ATF agents who determined that the devices are designed and intended solely and exclusively for use in converting a weapon into a machinegun, and therefore are machineguns as defined in Title 26, United States Code, Section 5845(b).

7.  Furthermore, the Defendant knew or had reasonable cause to believe that the possession of the machinegun conversion devices by the other party would constitute a felony because such devices are machineguns and possession of machineguns is illegal under federal law. During the course of their communications about the devices, Defendant made statements to the other party such as making sure the other party was ok driving back to their residence in California after picking up the devices because, "TSA will get you with these" indicating he knew of their illegal nature.

III.

The parties hereto agree that the United States could prove the above facts beyond a reasonable doubt.  The undersigned have thoroughly reviewed, understand, and agree that the information contained in this Stipulation of Fact are true and correct.

/s/ Rene Saldana with permission by LS          08/29/2023
RENE SALDANA                                    Date
Defendant

/s/ Louis Sorola                                    __08/29/2023_____
Attorney for the Defendant                           Date

  ALAMDAR S. HAMDANI
  UNITED STATES ATTORNEY


By: _____                  __8/29/2023_____
    ASHLEY E. J. MARTIN                               Date
    Assistant United States Attorney


4